Nos. 08-1693/1947

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Sep 23, 2008
LEONARD GREEN, Clerk

| | |
|---|---|
| ROGER BYRNE, | ) |
|     Plaintiff - Appellant<br>    Cross-Appellee, | ) ) ) |
| ERIC KUS, | ) |
|     Counter-Defendant - Appellant<br>    Cross-Appellee, | ) ) ) |
| v. | )   O R D E R |
| UNITED STATES OF AMERICA,<br>DEPARTMENT OF TREASURY, INTERNAL<br>REVENUE SERVICE, | ) ) ) ) |
|     Defendant - Appellee<br>    Cross-Appellant. | ) ) |

Before: CLAY and GRIFFIN, Circuit Judges; STAFFORD, District Judge.[*]

The plaintiff, Roger Byrne, and the counter-defendant, Eric Kus, appeal summary judgment in favor of the United States and the dismissal of this action that challenges a tax assessment. The United States cross-appeals. The United States now moves for dismissal of both appeals for lack of a final judgment. The plaintiff and the cross-defendant respond in support of dismissal.

Byrne filed suit seeking refund of a portion of the trust-fund penalty and the abatement of a tax assessment. The assessment was based on Byrne's status as a responsible person of Eagle Trim, Inc. The United States filed a counterclaim for the amount claimed to be owed and also filed claims against Kus and another individual, Bernard Fuller. Fuller entered into a stipulated judgment

---

[*]The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.



with the United States. In the decision now on appeal, the district court granted the government's motion for summary judgment and denied Byrne's and Kus's motions for summary judgment. Judgment was entered for the United States. However, the judgment did not state the individual amounts owed by Byrne and Kus, nor did it address their cross-claims against each other and Fuller.

This court has jurisdiction in appeals from final decisions and judgments of the district courts. 28 U.S.C. § 1291. A decision is final if it terminates all issues in the litigation and leaves nothing to be done except the enforcement of the judgment. *Catlin v. United States*, 324 U.S. 229, 233 (1945). Where liability has been determined but damages have not been assessed, the decision is not final. *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976). Further, a decision that addresses fewer than all of the claims or parties is not appealable unless it has been certified as a final judgment under Fed. R. Civ. P. 54(b). *Good v. Ohio Edison Co.*, 104 F.3d 93, 95 (6th Cir. 1997).

In this case, the district court has determined that Byrne and Kus are responsible persons with tax liability. However, the amount of that liability is not resolved, and the judgment cannot be considered final. *United States v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227, 232 (1958); *Philhall Corp. v. United States*, 546 F.2d 210, 213 (6th Cir. 1976). Further, neither appellant has paid the full assessment. *Cf. McDermitt v. United States*, 954 F.2d 1245 (6th Cir. 1992).

The motion to dismiss the appeal and cross-appeal is **GRANTED**, without prejudice to the parties' rights to perfect timely appeals upon the entry of a final judgment.

ENTERED BY ORDER OF THE COURT

Leonard Green
Clerk